UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MORRIS JOHNSON, | ) | CASE NO. 4:05 CV 1050 |
| Petitioner, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) ) | |
| | ) ) | MEMORANDUM OF OPINION AND ORDER |
| F.C.I. ELKTON WARDEN T.R. SNIEZEK, | ) ) ) | |
| Respondent. | ) | |

On April 26, 2005, pro se petitioner Morris Johnson filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Johnson, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against F.C.I. Elkton Warden T.R. Sniezek. Petitioner claims that he has the right to be placed in an eligible category "for early release consideration" pursuant to 18 U.S.C. § 3621(c), but respondent has improperly denied his request based on an unconstitutional sentence enhancement imposed by the trial court.

*Background*

Mr. Johnson pleaded guilty on March 10, 1999 in the United States District Court for the Eastern District of Michigan to violations of 21 U.S.C. §§ 841 and 846. In exchange for his guilty plea he states that the government agreed to dismiss a gun possession charge set forth in the indictment. The trial court subsequently sentenced him on July 24, 2002 to a 60 month term of imprisonment, followed by 4 years of supervised release. In the course of determining his sentence, Mr. Johnson claims that the court enhanced his sentence pursuant to § 2D1.1.(b) and "recommended Petitioner to [sic] receive Boot Camp and if Petitioner didn't receive Boot Camp, otherwise, the court recommended Petitioner to [sic] attend intensive drug treatment." (Pet. at 11.)

After he was sentenced, Mr. Johnson later filed a Sentencing Memorandum, Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, and a Motion pursuant to Federal Criminal Rule 36, each in the United States District Court for Eastern District of Michigan. The "Sentencing Memorandum" was granted, in part, and denied, in part, on July 23, 2002. The Motion to Vacate was dismissed as time-barred on April 6, 2004 and the Rule 36 Motion was denied on August 26, 2004.

Mr. Johnson was notified by F.C.I. Elkton's Residential Drug Abuse Program Coordinator, A. Enoch-Morris (on a date not disclosed in the petition), that he was not eligible for early release under 18 U.S.C. § 3621(e) because of "his 21 U.S.C. §§ 841 and 846 convictions with enhancements for firearms." At some point thereafter, he claims he initiated an informal complaint through Elkton alleging that the decision to deny him early release eligibility based on a "judge applied" enhancement violated his Sixth Amendment right to due process. After the Informal Resolution was denied, petitioner states he filed an appeal to Warden Sniezek. He claims that the

warden denied his appeal and advised that the BOP does not have any authority to apply the decisions of "Booker/FanFan."

Appealing the warden's denial of his request, Mr. Johnson states he filed a BP-10 with the Regional Director, D. Scott Dodrill. He claims Mr. Dodrill denied his appeals "based upon his statement that 'the Bureau of Prisons cannot rule on the legality of [sic] application of sentencing guidelines by [the] sentencing court.'" (Pet. at 12.) Although petitioner states that he filed a BP-11, he claims he was told by RDAP Counselor S. Williams that the "Central Office was backed up with voluminous BP-11 complaints and to wait another three (3) weeks for a response." (Pet. at 12.) Based on this response he now cites Hicks v. Hood, 203 F. Supp.2d 379 (D. Or. 2002) to support his claim that further exhaustion is not required to confer this court's jurisdiction over his habeas petition.

## *28 U.S.C. § 2241*

Before the court can address the merits of the petition before it, the question of whether petitioner's claim is properly raised in a § 2241 habeas petition must first be determined. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 534 U.S. 1008 (2001). But where a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998).

-3-

Mr. Johnson states, in paragraph 13 of the writ of habeas corpus form he completed, that he "[c]annot file [under Section 2255] due to jurisdiction, also 28 U.S.C. § 2255 is the wrong petition for subject matter." (Pet. at 6.) Neither assumption is supported by the facts or relevant case law, however.

The basis upon which Mr. Johnson's asserts his entitlement to early release rests squarely on his allegation that the sentence imposed by the trial court was unconstitutional. Regardless of the legal support he uses to argue this point, the court cannot ignore the fact that he is challenging a sentence imposed by the court, not the manner in which the BOP is executing that sentence. In other words, this court could not grant the relief petitioner requests without first attacking the sentence imposed by the trial court.

It is only when it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," that § 2255 provides a safety valve wherein a federal prisoner is permitted to challenge his conviction or the imposition of his sentence pursuant to § 2241. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). In this case, it is apparent that Mr. Johnson has neither addressed nor met his burden to explain why his remedy under § 2255 is inadequate or ineffective to test the legality of his sentence.

The unavailability of § 2255 relief does not alone establish "inadequacy or ineffectiveness" under the savings clause. The Sixth Circuit has clearly stated that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied ... or because the petitioner is procedurally barred from pursuing relief under § 2255 ... or because the petitioner has been denied permission to file a second or successive motion to vacate[.]" Charles, 180 F.3d at 756 (citations omitted). Therefore, without any facts other than the fact that

-4-

petitioner may be procedurally barred from filing a § 2255, Mr. Johnson is not entitled to federal habeas relief.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE